UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  4:04-CR-20-01-RLY-MGN |
| | ) | |
| JAMAULE D. HOLLIS | ) | |
| | ) | |
| Defendant. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order

entered by the Honorable Richard L. Young, U.S. District Court Judge, on July 30, 2012,

designating the Magistrate Judge to conduct a hearing on the Petition for Warrant for Offender

Under Supervision filed with the Court on July 27, 2012, and the Supplemental Petition filed on

August 14, 2012, and to submit to Judge Young proposed Findings of Facts and

Recommendations for disposition under 18 U.S.C. §§3401(i) and 3583(e) and (g).  An initial

hearing was held on August 24, 2012, and disposition proceedings were held on August 27,

2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C.

§3583.  Mr. Hollis appeared in person and with CJA Counsel, Brian Darling.   The Government

appeared by Lauren M. Wheatley and Matthew P. Brookman, Assistant United States Attorneys.

U.S. Probation appeared by Brian Bowers, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. §3583:

1.  On August 24, 2012, Brian Darling, CJA Counsel, was present to represent Mr. Hollis in regard to the pending Petition and Supplemental Petition for Revocation of Supervised Release.

2.  A copy of the Petition and Supplemental Petition for Revocation of Supervised Release was provided to Mr. Hollis and his counsel.  The Magistrate Judge summarized the alleged violations and, further, Mr. Hollis and his counsel informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3.  Mr. Hollis was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition and the Supplemental Petition.

4.  Mr. Hollis was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.  Mr. Hollis was afforded the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.  Mr. Hollis was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Hollis had violated an alleged condition or conditions of his supervised release set forth in the Petition and Supplemental Petition, he would be held for a revocation hearing.

7.  The Court then set this matter for Preliminary and Detention Hearings on August 27, 2012, at 3:30 p.m.

8.  On August 27, 2012, the defendant appeared by CJA Counsel, Brian Darling.  The parties advised the Court that they had reached an agreement, and the Court proceeded to the revocation hearing upon the allegations of alleged violation of the Terms of Supervised Release particularly as set out in Violation Numbers 1 thru 12 as contained in the Petition and Supplemental Petition.

The parties then stipulated the following in open court:

(a)  As to Violation Numbers 1 thru 12 of the Petition and Supplemental Petition for Violation of the Terms of Supervised Release, the defendant admitted in open Court that he had violated these conditions.

(b)  The parties by agreement stipulated that the defendant's supervised release would be revoked and the defendant would serve thirty-six (36) months of imprisonment with no term of supervised release to follow.

9.  The Court then inquired of the defendant, who was sworn at the initial hearing and remained under oath, as to whether he admitted to the specifications alleged in the Petition and Supplemental Petition for Violation of the Terms of Supervised Release, and Mr. Hollis admitted the violations contained in Violation Numbers 1 thru 12.  The Court specifically inquired of Mr. Hollis whether he was making these admissions voluntarily and free from any duress, promises, or undue influence.  The Court further advised Mr. Hollis that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel.  All of which Mr. Hollis answered in the affirmative.  The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for revocation in regard to Violation Numbers 1 thru 12.  The violations are summarized as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."* |

2          *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*

On July 6, 2011, this officer determined the offender was not residing at the address he provided.  Although his family was uncooperative in providing his whereabouts, he was discovered residing in Louisville, Kentucky, with his sister. When confronted, he admitted providing a false address.  The offender previously denied having a telephone number or cell phone at which he can be reached.  However, during an inspection of his room, a cell phone was discovered in his bedroom that he admitted owning and using.

On February 22, 2012, the offender admitted changing his telephone numbers without notifying his probation officer, and admitted he rarely resides at any specific address, stating he usually "stays with females."  Despite admonishments and increased supervision expectations, maintaining contact with the offender has continued to be inconsistent and ineffective, as he does not maintain a consistent telephone number, and as noted below, does not apprise this officer of changes to his contact information via monthly report forms.

3          *"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."*

The offender has been largely unemployed since his release from prison.  In March 2012, he reported gaining employment at "The Car Shop" in Louisville, Kentucky.  However, he has provided no proof of this employment, and no business by that name exists in the city.

4          *"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."*

Despite numerous warnings, the offender has not submitted a monthly report form since August 2011.  Recent attempts to contact the offender have failed, as his last reported phone number is not answered and there is no means to leave messages.  He recently left a message advising he was in receipt of an email sent to him instructing him to call immediately, but he provided the same telephone number that does not appear to be monitored.

5          *"The defendant shall not commit another federal, state or local crime."*

6          *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."*

**7**      *"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."*

**8**      *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."*

**9**      *"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*

On February 7, 2012, Jeffersonville Police Department officers arrested the offender after observing his drug dealing activities and corroborating their observations with cooperating witnesses who admitted purchasing Opana and Diazepam pills from the offender. After he was apprehended, the offender surrendered 4.7 grams of crack cocaine and one Opana pill from his person.

The offender agreed to cooperate with law enforcement efforts to apprehend his source of supply. It is noted the FBI notified this officer of the situation, and requested a delay in any adverse action pending additional investigation and the likelihood they would seek permission from the Court to use the offender as a confidential informant.

After learning of the offender's arrest through law enforcement channels and having no previous contact with the offender, on February 22, 2012, this officer met with him. He admitted that he "just started dealing." He indicated that he wanted the opportunity to correct his past mistakes on supervision and cooperate with law enforcement to prevent 1additional charges being filed against him. He was instructed to begin day reporting until he secured full-time employment, begin submitting monthly report forms consistently, and provide accurate and reliable contact information so he can be reached. This officer warned him not to work as a confidential informant until he is granted permission from the Court.

Despite these instructions, the offender has not submitted a monthly report form since August 2011, has not cooperated with ongoing drug investigations, and is presently unreachable at his last known address and telephone numbers. It is noted that on July 5, 2012, the Jeffersonville Police Department referred the case to the prosecutor's office for felony drug charges to be pursued, and provided this officer with the full details of the new offense.

**10**     *"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*

On July 13, 2012, a letter was mailed to the offender. On July 21, 2012, the U.S. Postal Service returned the letter noting delivery was "attempted - not known" with no forwarding address provided.

**11**     **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**

12            ***"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."***

On August 3, 2012, while pursuing an investigation on a different case, this officer contacted the Louisville Metropolitan Police Department. They advised a report was filed on February 19, 2012, after Jamaule Hollis and Dwayne Sheckles, a supervised release offender currently supervised by this officer, were both shot while in a vehicle together outside of a nightclub. To date, the offender has not reported the police contact to the probation officer. Mr. Sheckles has prior felony convictions involving drugs and firearms. The offender did not have the probation officer's permission to have contact with Mr. Sheckles.

10.  Based on the information available to the Court, the Court further finds the following:

1)      Mr. Hollis has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

2)      The most serious grade of violation committed by Mr. Hollis constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3)      Pursuant to U.S.S.G. §7B1.4(a)(2) upon revocation of supervised release, the range of imprisonment applicable to Mr. Hollis is 37-46 months.

4)      The appropriate disposition for Mr. Hollis's violation of the condition of supervised release is as follows:

(a)      Defendant shall be committed to the Bureau of Prisons to serve a term of imprisonment of thirty-six (36) months with no term of supervised release to follow.

The Court, having heard the admission of the defendant, the stipulation of the parties and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of his supervised release as set forth in Violation Numbers 1 thru 12 of the Petition and Supplemental Petition. The defendant's supervised release is hereby **REVOKED,** and Mr. Hollis shall be committed to the Bureau of Prisons to serve a term of imprisonment of thirty-six (36) months, with no term of supervised release to follow. It is

further recommended that the Defendant be incarcerated at the nearest federal facility, preferably in Terre Haute, Indiana.  The Defendant is strongly encouraged to participate in any drug rehabilitation program that may be available to him while incarcerated.

Counsel for the parties and Mr. Hollis stipulate that they waive any objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), Federal Rules of Civil Procedure, and S.D.Ind.L.R.72.1(d)(2), Local Rules of the U.S. District Court for the Southern District of Indiana.

Counsel for the parties and Mr. Hollis entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C.§3561 *et seq*. and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Mr. Hollis's supervised release.

**IT IS SO RECOMMENDED** this 4th day of September, 2012.

Michael G. Naville, Magistrate Judge
United States District Court

Distribution to all electronically registered counsel via CM/ECF

U.S. Marshal

U.S. Probation Office